```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ARCHIE REEVES                                  CIVIL ACTION

VERSUS                                         NUMBER: 08-01324

WINDSOR COURT HOTEL                            SECTION: "C"(5)


## ORDER AND REASONS

The above-captioned matter is an employment discrimination action that was originally filed in proper person by the plaintiff herein, Archie Reeves. (Rec. doc. 1). After initial efforts to settle this case proved to be unavailing (rec. doc. 12), the case was referred to the undersigned pursuant to Local Rule 73. (Rec. doc. 13). A preliminary conference was then held with plaintiff and counsel for defendants in attendance at which a date for an evidentiary hearing was scheduled. (Rec. doc. 27). Several months later, plaintiff secured retained counsel who moved for and was allowed to enroll. (Rec. docs. 32, 33). Through counsel, the parties elected to proceed to trial before a United States Magistrate Judge under 28 U.S.C. §636(c) and a new trial date was established. (Rec. docs. 35, 34). An additional trial continuance was granted in June of 2009 following plaintiff's termination of

employment by defendant and the prospect that an amended complaint regarding that recent development would be filed. (Rec. docs. 46, 47). A new trial date was then selected. (Rec. doc. 50).

Unfortunately, plaintiff's counsel subsequently experienced some significant medical issues requiring surgical intervention and yet another continuance of the trial date was sought and granted with trial being rescheduled for January 10, 2011. (Rec. docs. 51, 52, 54). On October 21, 2010, plaintiff's counsel moved to withdraw from this matter, citing her inability to locate and to communicate with her client with deadlines fast-approaching in the case and an outstanding request by defendant that plaintiff be deposed. (Rec. doc. 53). By way of her motion to withdraw as supplemented, plaintiff's counsel provided the Court with seven mailing addresses at which she had previously had contact with her client throughout the course of her representation. (Rec. docs. 55, 56). Plaintiff's counsel was allowed to withdraw on October 28, 2010 and a status conference was ultimately scheduled for December 9, 2010 with notice thereof being mailed to plaintiff at all seven of his known mailing addresses. (Rec. docs. 60, 60-1). On December 9, 2010 at the designated time, counsel for defendant stood ready and available to participate in the status conference as scheduled. Plaintiff, however, made no appearance at the conference as he was ordered to do and the Court has received no communication from him

indicating the he was unable to do so.  Of the seven notices of the status conference that were mailed to plaintiff, only two were subsequently returned to the court as undeliverable. (Rec. docs. 61, 62).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying that sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is once again proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

Despite notice being mailed to all seven of plaintiff's known addresses, he failed to appear for the status conference that was scheduled in this matter for December 9, 2010 and the Court has

3

received no communication from him indicating that he was unable to do so for reasons beyond his control. Plaintiff has also failed to make himself available to be deposed by the defendant. With the pre-trial conference in this matter being scheduled for December 21, 2010 and the trial being set for January 10, 2011, the prejudice to defendant is apparent. The Court must therefore assume that plaintiff has no further interest in prosecuting this matter. As plaintiff is proceeding *pro se*, these failures are attributable to him alone.

For the foregoing reasons, it is ordered that plaintiff's suit is dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

New Orleans, Louisiana, this  17th  day of   December  , 20 10  .

*signature*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE